FILED _____ _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 1 0 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DELBERT M. GREENE,                   )
                                     )    3:07-CV-00474-LRH-VPC
    Plaintiff,                   )
                                     )
v.                                   )    **REPORT AND RECOMMENDATION**
                                     )    **OF U.S. MAGISTRATE JUDGE**
DWIGHT NEVEN,                        )
      et al.,                 )
                                     )
    Defendants.                  )    February 9, 2010
                                     )

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Pursuant to Fed.R.Civ.P. 4(m), the undersigned Magistrate Judge hereby recommends that defendant Ernest Jenkins be dismissed for failure to effect service of process.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Delbert M. Greene ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#11). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations during his incarceration at High Desert State Prison ("HDSP"). *Id.* Plaintiff claims that defendants retaliated against plaintiff because he reported sexual harassment by an NDOC correctional officer. *Id.* p. 5. Plaintiff names as defendants: Dwight Neven, HDSP Warden; Claude Willis, HDSP Associate Warden of Programs; Isidro Baca, HDSP Warden; Jeremy Bean, HDSP Senior Corrections Officer; Jeffrey Walker, HDSP Corrections Officer; Jeremy Jackson, HDSP Corrections Officer; and Ernest Jenkins, former HDSP Corrections Officer (#45).

Plaintiff alleges that in early 2006 defendant Jenkins ("Jenkins") made sexual advances toward plaintiff and offered to obtain contraband for plaintiff in exchange for sexual favors. Plaintiff's grievances describe how Jenkins invited plaintiff into an office, stared at plaintiff's genitals, made suggestive comments, and began to fondle himself (#48, pp. 26-27). Plaintiff does

not allege any physical contact, but plaintiff maintains that "the scar left in my mind of [Jenkins]

getting an erection and looking at me in a sexual way was very disturbing and uncomfortable" and

that this "mental abuse was to much to bare [sic] and frighten[ed] me emotionally" (#11, p. 8). After

reporting Jenkins's sexual misconduct, plaintiff alleges that defendants began to retaliate.

On January 26, 2010, the Magistrate Judge issued a report and recommendation granting

defendants' motion to dismiss and recommending that plaintiff's Fourth Amendment claim and all

claims against defendants in their official capacity for money damages be dismissed with prejudice,

and all remaining claims dismissed with leave to amend (#69).

## II. DISCUSSION & ANALYSIS

On November 6, 2008, the Office of the Attorney General filed a notice of acceptance of

service (#12). Service was not accepted on behalf of Correctional Officer E. Jenkins. *Id.*

Thereafter, plaintiff filed a motion to have the defendants identify or provide information concerning

E. Jenkins and certain other defendants (#13). The court granted plaintiff's motion and ordered the

"Office of the Attorney General to file *under seal* a report identifying Correctional Officer E. Jenkins

who was a correctional officer at the High Desert State Prison until approximately June 2006" (#23).

The court further ordered that "after identifying each defendant in the report filed under seal, the

Office of the Attorney General shall either accept service for the named defendant or provide the last

known address of the defendant to the court *under seal*." *Id.*

In response, the Office of the Attorney General filed the last known address of E. Jenkins

*under seal* (#s 32 & 33). The Court immediately ordered the Clerk to issue a summons for E.

Jenkins and ordered the U.S. Marshal to attempt service of process (#34). The U.S. Marshal

attempted service of the summons on E. Jenkins and determined that Mr. Jenkins had moved from

his last known address on or about December 22, 2008 (#36-4). A notice of intent to dismiss

pursuant to Fed.R.Civ.P. 4(m) was issued on May 22, 2009 (#39).

Plaintiff filed a response to the notice of intent to dismiss (#43) stating that he had not

received a return of service from the U.S. Marshal. Plaintiff also filed a motion for personal service

upon defendant E. Jenkins (#44). The Court advised plaintiff of the Marshal's unsuccessful attempt

at service, denied plaintiff's motion for personal service, and ordered plaintiff to show cause within

1  fifteen days why E. Jenkins should not be dismissed for failure to complete service of process (#52).

2  Plaintiff then requested additional time (#54) and filed a motion for disclosure of the full

3  name of E. Jenkins so that plaintiff might conduct his own search via the internet for this defendant

4  (#55). On November 5, 2009, the Office of the Attorney General filed a notice providing plaintiff

5  with the full name of E. Jenkins as Ernest Jenkins (#61).

6  Plaintiff then requested again the Office of the Attorney General accept service for Ernest

7  Jenkins, or in the alternative, to provide plaintiff with the personal identifiers of this defendant

8  including his social security number, birth date, etc. (#63). The Office of the Attorney General

9  responded that it cannot accept service for Ernest Jenkins because the defendant is no longer an

10  employee of the Nevada Department of Corrections, and the Attorney General cannot represent a

11  person without that person's authorization pursuant to Nevada Revised Statute 41.0339 (#64).

12  Furthermore, the Office of the Attorney General will not release confidential information concerning

13  former NDOC employees to inmates. *Id.* The Court denied plaintiff's motion to order the Attorney

14  General to accept service for Ernest Jenkins and again advised plaintiff of the Court's intent to

15  dismiss Ernest Jenkins pursuant to Fed.R.Civ.P. 4(m) (#65).

16  Plaintiff sought yet another extension of time to respond to the court's order (#66); however,

17  he did not do so. Instead, plaintiff again requested that Court order the State of Nevada or the

18  Department of Corrections to accept service for Ernest Jenkins (#67). The Court has denied this

19  request (#71 ).

20  The plaintiff bears the burden of proving that "good cause" exists to excuse a delay in service

21  of process. Fed.R.Civ.P. 4(m). Good cause requires that (a) defendants received actual notice of

22  the lawsuit; (b) defendant would not suffer prejudice; and (c) plaintiff would be severely prejudiced

23  if lawsuit were dismissed. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). In this case plaintiff

24  has failed to show good cause exists to excuse a fifteen-month delay in serving this defendant.

25  Moreover, plaintiff has not shown that he will be able to effectuate service on this defendant at any

26  time in the future.

27

28

3

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendant Ernest Jenkins should be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Court enter an order **DISMISSING** defendant Ernest Jenkins without prejudice.

**DATED:** February 9, 2010.

UNITED STATES MAGISTRATE JUDGE