UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DELBERT M. GREENE ) | |
| ) | |
| Plaintiff, ) | 3:07-cv-00474-LRH-VPC |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| ) | |
| DWIGHT NEVEN, ET AL. ) | |
| ) | January 12, 2011 |
| Defendants. ) | |
| _____ ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for leave to file a third amended complaint (#88).[1] Defendants did not oppose. The court recommends that plaintiff's motion for leave to file the third amended complaint (#88) be granted and now screens plaintiff's third amended complaint (#88-1) in conformity with 28 U.S.C. § 1915A.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Delbert M. Greene ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State Prison in the custody of the Nevada Department of Corrections ("NDOC") (#88). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging retaliation and conspiracy in violation of his First and Fourteenth Amendment rights during his incarceration at High Desert State Prison ("HDSP"). *Id.* Plaintiff names as defendants: Dwight Neven, HDSP Warden; Claude Willis, HDSP Associate Warden of Programs; Isidro Baca, HDSP Associate Warden of Operations; Jeffrey Walker, HDSP Lieutenant Corrections Officer; Jeremy Bean, HDSP Sergeant Corrections Officer; Jeremy Jackson, HDSP Senior Correctional Officer. *Id.*

---

[1] Refers to the court's docket numbers.

To date, plaintiff has filed four complaints with the court. Plaintiff first filed a complaint on October 9, 2007 (#1), which the court screened pursuant to 28 U.S.C. § 1915A (#7). The court dismissed the complaint without prejudice, allowing the plaintiff to submit an amended complaint. *Id.* Plaintiff filed a first amended complaint on October 17, 2008 (#11). Defendants filed a motion to dismiss on June 27, 2009 (#45), plaintiff opposed (#48), and defendants did not reply. On March 30, 2010, the District Court adopted (#78) this court's Report and Recommendation (#69) granting the motion to dismiss. The District Court dismissed with prejudice plaintiff's Fourth Amendment claims and all claims against defendants in their official capacities (#78). Plaintiff's remaining claims were dismissed without prejudice and with leave to amend. *Id.* Plaintiff appealed the District Court's decision, but the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction (#84). Plaintiff filed a second amended complaint on April 14, 2010, but this court noted that plaintiff's second amended complaint failed to comply with the guidance provided in the adopted Report and Recommendation (#87). The court cautioned plaintiff to carefully consider its previous orders and instructed him to file a third amended complaint consistent with the court's instructions. *Id.* at 2. Plaintiff subsequently filed the motion for leave to file the third amended complaint (#88), and attached his third amended complaint (#88-1). The instant complaint contains two counts.

In count one, plaintiff alleges that in early 2006, NDOC Officer Ernest Jenkins made sexual advances toward him and offered plaintiff contraband in exchange for sex (#88-1, p. 5). In response, plaintiff filed grievances and kites. *Id.* Plaintiff claims that defendants Willis and Neven did not process his first level grievance in retaliation for his complaint against Officer Jenkins. *Id.* Plaintiff argues that this failure to process his grievance "stopped plaintiff's grievances from being heard, and was not reasonably related to advance a legitimate correctional goal, but was designed to cover up a subordinates [sic] wrong doing and insulate the State from injury." *Id.* Plaintiff claims further that defendant Neven "ignored and refused to acknowledge [plaintiff's kites] in an attempt to cover up the sexual harassment committed by his subordinate." *Id.*

In count two, plaintiff first lists several allegedly retaliatory acts by defendants, including defendant Bean's filing of a false notice of charges against plaintiff, defendant Bean's request that

<mark>Case 3:07-cv-00474-LRH-VPC   Document 89   Filed 01/12/11   Page 3 of 14</mark>

plaintiff's property be deemed unauthorized by defendant Jackson, defendant Jackson's compliance with defendant Bean's request, defendant Walker's disciplinary actions against plaintiff, defendant Baca's failure to respond to plaintiff's kite requesting cleaning supplies for his cell, and defendant Willis's failure to properly process plaintiff's grievances. *Id.* at 7-9. Plaintiff believes defendants engaged in these acts in retaliation for plaintiff's complaint against Officer Jenkins. *Id.* at 9. Second, plaintiff alleges that defendants Bean, Jackson, and Walker conspired to retaliate against him by fabricating charges against him, deeming his property unauthorized, and finding him guilty "without doing any investigation into plaintiffs [sic] version of events." *Id.* Finally, plaintiff claims defendant Neven's denial of plaintiff's appeal of his disciplinary hearing resulted in Neven's awareness of his subordinates' unconstitutional acts, which he did nothing to address. *Id.* Plaintiff subsequently filed suit.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.     Discussion**

Plaintiff filed a motion for leave to file a third amended complaint (#88). The court first addresses plaintiff's motion and then screens plaintiff's third amended complaint (#88-1) pursuant to 28 U.S.C. § 1915A.

**1.     Plaintiff's Motion for Leave to File a Third Amended Complaint**

Plaintiff filed a motion seeking leave to file a third amended complaint on August 16, 2010 (#88). This court's minute order on July 15, 2010, ordered plaintiff to file a third amended complaint "that is consistent with the previous instructions and orders of the court" within thirty days (#87). As the court's previous minute order instructed plaintiff to file his amended complaint with the court, plaintiff's accompanying motion is unnecessary. However, as plaintiff timely submitted the instant complaint, the court grants plaintiff's motion for leave to file the third amended

3

complaint.

**2.     Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an "indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-

4

21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

"To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader,* 879 F.2d 583, 587 (9th Cir. 1989), *cert. denied*, 498 U.S. 938 (1990).

**B.     Analysis**

In counts one and two, plaintiff alleges that defendants retaliated against him for reporting officer Jenkins' sexual misconduct and that select defendants conspired to retaliate against him (#88-1, p. 5-9). Plaintiff states that these acts violate his First and Fourteenth Amendment rights. *Id.* at 5, 7. However, the court notes that, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims.'" *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Therefore, plaintiff's claims will be analyzed under the First Amendment right to file grievances rather any generalized notions of substantive due process under the Fourteenth Amendment.

In addition to plaintiff's First Amendment claims, the court also examines whether plaintiff's factual averments entitle him to relief under available, but unpleaded, legal theories. *See Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) ("Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief."). Here, the court construes plaintiff's allegations to include an Eighth Amendment claim for inadequate

conditions of confinement and an assertion of supervisory liability against defendant Neven.

Finally, the court notes that based on plaintiff's limited description of his grievance filings, it seems that he may not have exhausted his administrative remedies for all claims as required by the Prison Litigation Reform Act ("PLRA") and Administrative Regulation ("AR") 740. However, as failure to exhaust administrative remedies is an affirmative defense to be raised by defendants, the court declines to address the issue here.

### 1.  Retaliation

"A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "Of fundamental import to prisoners are their First Amendment 'rights to file prison grievances . . .'" *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (quoting *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)). "Because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.* "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmates exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68.

#### a.  Count One: Defendants Neven and Willis

Plaintiff states that he submitted informal, first, and second level grievances to defendant Willis regarding Officer Jenkins' sexual misconduct (#88-1, p. 6). He further alleges that he submitted kites to defendant Neven "seeking help for the psychiatric-trauma which Neven's [sic] ignored and refused to acknowledge in an attempt to cover up the sexual harassment committed by his subordinate." *Id.* at 6. Plaintiff claims that "[d]efendant Claude Willis, the grievance coordinator, and Dwight Neven, refused to process plaintiff's first level grievance because of plaintiff's complaint of sexual harassment by Ernest Jenkins, which stopped plaintiff's grievances

6

from being heard, and was not reasonably related to advance a legitimate correctional goal, but was designed to cover up a subordinates wrong doing and insulate the State from liability." *Id.* at 6.

At this stage, the court "accept[s] as true the allegations of the complaint in question." *Hosp. Bldg. Co.* 425 U.S. at 740. Plaintiff's allegations satisfy the five-part test articulated in *Rhodes*. Plaintiff claims that defendants Neven and Willis took adverse action against him by failing to process his grievances and kites because he filed a complaint against officer Jenkins alleging sexual harassment. As a result of this failure to process his grievances, plaintiff believes that his grievances were not addressed. This harm can be said to chill plaintiff's exercise of his First Amendment rights. *See Rhodes*, 408 F.3d at 567 n.11 ("[H]arm that is more than minimal will almost always have a chilling effect."). Finally, plaintiff states that the actions taken by defendants Willis and Neven did not advance a legitimate correctional goal and instead were intended to protect the State from liability. Because plaintiff's complaint includes factual allegations to satisfy each of the elements of a claim for retaliation against defendants Willis and Neven, the court recommends that the claims advance.

### b.     Count Two: Defendants Bean, Jackson, Walker, Willis, and Baca

First, plaintiff states he requested a transfer from High Desert State Prison because he feared retaliation for filing grievances against officer Jenkins. *Id.* at 7. Plaintiff says NDOC approved him for transfer to Southern Desert Correctional Center. *Id.* Plaintiff prepared for transfer by packing his property at which point he claims that defendant Bean, "a close friend of E. Jenkins . . . started an argument concerning the number of legal boxes plaintiff could take with him." *Id.* The argument escalated, ultimately resulting in defendant Bean filing a notice of charges against plaintiff and placing plaintiff in administrative segregation pending a disciplinary hearing. *Id.* at 7-8. Plaintiff claims that defendant Bean instructed defendant Jackson to classify plaintiff's property as unauthorized "for having been altered." *Id.* at 8. Plaintiff filed a grievance concerning the property deemed unauthorized by defendant Jackson. *Id.* Plaintiff states that defendant Willis did not respond to his informal grievance regarding this matter, but did respond to the first level grievance. *Id.* Plaintiff further claims that he filed a second level grievance, but he does not state whether

defendants responded to this grievance. *Id.*

Second, plaintiff details his disciplinary hearing for this matter, at which he "explained that Bean had falsified the charges against plaintiff in retaliation for plaintiff having filed grievances of Sexual Harassment against S.c/o Beans [sic] good friend c/o Jenkins, and that Bean had asked S.c/o Jackson to UA all of plaintiffs [sic] property because plaintiff causes Jenkins to loose [sic] his job." *Id.* Plaintiff claims that defendant Walker "turned off the recorder and stated that he had talked to [B]ean and [J]ackson, and that 'there won't be any investigation.'"[2] *Id.* Plaintiff states that his informal grievance appealing the disciplinary hearing was denied and that he subsequently filed first and second level grievances. *Id.* at 8-9. Plaintiff does not state the outcome of the first and second level grievances. Plaintiff claims that Neven's response to the disciplinary appeal demonstrated his awareness of constitutional violations to which he did not respond. *Id.* at 9.

Finally, plaintiff claims that his cell "was dirty with filth on the walls and floors and a smell of urine and feces." *Id.* at 9. He further alleges that he "repeatedly requested of many officers working that unit . . . cleaning supplies," but was not provided with any, which resulted in him "us[ing] [his] own socks to wipe down the walls and toilet." *Id.* Specifically, plaintiff states that

---

[2] Plaintiff does not allege a due process claim related to his disciplinary hearing. However, as plaintiff is *pro se* the court construes his complaint liberally to include all potential legal claims. "Prisoners . . . may not be deprived of life, liberty or property without due process of law . . . .[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See id.* at 563-70; *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003); *Neal v. Shimoda*, 131 F.3d 818, 830-31 (9th Cir. 1997); *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir. 1986), *abrogated in part on other grounds by Sandin*, 515 U.S. 472. Plaintiff claims that defendant Walker turned off the tape recorder and stated that there would be no further investigation; however, plaintiff provides no facts to suggest that he was not provided notice of the hearing, was not allowed to present evidence at the hearing, or required legal assistance due to the complexity of the issue or plaintiff's inability to read. As plaintiff sets forth no allegations related to the disciplinary hearing that implicate his Fourteenth Amendment due process rights, the court recommends that such a claim should not advance.

8

he sent a kite to defendant Baca requesting cleaning supplies, but "Baca failed to respond and or give the plaintiff basic supplies he is entitled to." *Id.* at 7. Plaintiff states that the smell in his cell made him feel "sick and naueated [sic]." *Id.* at 9. Plaintiff believes that he filed informal, first, and second level grievances regarding this issue; however, he did not receive responses and his second level grievance was marked "informal." *Id.*

Presumably speaking about all three sets of grievances, plaintiff argues that he has been "frustrated in his attempts to comply with the procedures set forth in AR740." *Id.* He claims further that defendant Willis's "failure to log in and properly process plaintiff's grievances is because, Plaintiff has claimed that all the above named defendants [sic] actions were done in retaliation for plaintiff having filed grievances against Ernest Jenkins for sexual harassment of plaintiff." *Id.* Plaintiff also states: "Defendants Bean, Jackson, and Walker conspired to retaliate and punish plaintiff for filing the sexual harassment grievances against Ernest Jenkins . . . in an attempt to stop plaintiff from exercising his constitutional rights to file grievances, and defendants actions were not to reasonably advance a legitimate correctional goal." *Id.*

As discussed above, a plaintiff must allege five essential elements to state a claim for retaliation. *Rhodes*, 408 F.3d at 567-68. The court considers plaintiff's allegations against each defendant.

### i. Defendant Bean

Plaintiff claims that defendant Bean, a friend of officer Jenkins, filed a false notice of charges against him and requested that his property be classified as unauthorized in retaliation for plaintiff's claims against Officer Jenkins. As a result of these actions, plaintiff faced disciplinary charges, which ultimately resulted in his placement in administrative segregation and loss of his property. Plaintiff states that these actions were not taken to advance a legitimate correctional goal. The court recommends that plaintiff's retaliation claim against defendant Bean advance, as plaintiff's complaint contains factual allegations sufficient to state a claim for retaliation.

### ii. Defendant Jackson

Plaintiff accuses defendant Jackson of classifying his property as unauthorized. However,

9

plaintiff states that defendant Jackson acted in response to a request from defendant Bean, not in retaliation against plaintiff for his complaints against Officer Jenkins. Therefore, plaintiff fails to demonstrate causation sufficient to state a claim for retaliation against defendant Jackson. The court recommends that plaintiff's retaliation claim against defendant Jackson be dismissed with prejudice.

### iii.    Defendant Walker

Plaintiff states that defendant Walker "turned off the recorder" during his disciplinary hearing and refused to conduct an investigation regarding plaintiff's complaints of retaliation by defendants Bean and Jackson. Plaintiff goes on to accuse defendant Walker, among other defendants, of refusing to investigate the allegedly false notice of charges against him in retaliation for his claims against Officer Jenkins. Plaintiff believes that as a result of defendant Walker's actions, he was found guilty at his disciplinary hearing. Plaintiff claims that defendant Walker's actions, and the actions of the other names defendants, did not advance a legitimate correctional goal. Plaintiff cites facts sufficient to state a claim for retaliation; therefore, the court recommends that plaintiff's claim for retaliation against defendant Walker advance.

### iv.    Defendant Willis

Plaintiff claims that defendant Willis again took adverse action against him by failing to process his grievances because "[p]laintiff has claimed that all the above named defendants [sic] actions were done in retaliation for plaintiff having filed grievances against Ernest Jenkins for sexual harassment of plaintiff." As a result of this failure to process his grievances, plaintiff alleges that his grievances were not addressed and that the failure to address his complaints did not advance a legitimate correctional goal. As plaintiff's complaint includes factual allegations to satisfy each of the elements of a claim for retaliation against defendant Willis, the court recommends that the claim advance. Plaintiff's related allegation against defendant Neven is addressed below in the supervisory liability section of this Report and Recommendation

### v.    Defendant Baca

Plaintiff claims that he submitted a kite to defendant Baca requesting cleaning supplies for his cell. Plaintiff states that defendant Baca did not respond to his request and did not provide him

with cleaning supplies. Plaintiff believes defendant Baca, like the other defendants, refused to address his request for cleaning supplies because plaintiff filed a complaint against officer Jenkins and not for any legitimate correctional goal. Therefore, plaintiff's complaint for retaliation against defendant Baca may advance. Plaintiff's claim for Eight Amendment violations related to the failure to provide adequate cleaning supplies is addressed below.

### 2. Count Two: Conspiracy by Defendants Bean, Jackson, and Walker

To establish a claim for conspiracy to deprive a person of his or her civil rights, a plaintiff must prove that a meeting of the minds occurred between two or more persons to deprive the plaintiff of his civil rights. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). Additionally, the plaintiff must demonstrate that some racial or other class-based, discriminatory animus for the conspirators' conduct motivated the deprivation, and the plaintiff must be a member of the discriminated class. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045 (9th Cir. 2002). Plaintiffs alleging a conspiracy to deprive them of their constitutional rights must "include in their complaint non-conclusory allegations containing evidence of unlawful intent or face dismissal prior to the taking of discovery." *Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997).

Plaintiff fails to allege facts to show that he is a member of a protected class, nor does he suggest that defendants Bean, Jackson, and Walker conspired against him for a discriminatory reason. Rather, plaintiff's sole statement about this claim is that defendants "conspired to retaliate and punish plaintiff for filing the sexual harassment grievances against Ernest Jenkins." Plaintiff does not state a claim for conspiracy; therefore, the court recommends that the claim be dismissed with prejudice.

### 3. Count Two: Eighth Amendment Conditions of Confinement

The Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime. U.S. Const. amend. VIII. The plaintiff must make two showings when he or she challenges the conditions of confinement. "Deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Prison officials have a duty to ensure that prisoners

11

are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996); *Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982). The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). In the event an inmate complains of a prison's failure to provide adequate cleaning supplies, the issue should be "evaluated in light of the overall squalor at the penitentiary." *Hoptowit v. Spellman*, 753 F.2d 779 (9th Cir. 1985).

Plaintiff does not specifically cite violations of the Eighth Amendment in his complaint; however, he alleges facts that suggest a potential claim for inadequate conditions of confinement. Based on the facts provided by plaintiff, his cell was "dirty with filth on the walls and floors and a smell of urine and feces." Plaintiff claims he requested cleaning supplies, but was never provided any such supplies and, instead, was forced to clean the walls of his cell with his own socks. Defendant Baca is the only named defendant plaintiff claims deprived him of cleaning supplies. Otherwise, plaintiff merely states that "many officers" in the unit declined to provide him with supplies, but does not allege facts to suggest that any of the other named defendants were responsible for the deprivation. Therefore, as denial of a sanitary cell in which to reside could be considered a violation of the Eighth Amendment, the court recommends that plaintiff's Eighth Amendment claim against defendant Baca be permitted to proceed.

### 4. Count Two: Supervisory Liability

"Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding proper to dismiss where no allegations of knowledge of or participation in alleged violation).

Plaintiff claims that defendant Neven knew of the alleged retaliation because he denied

12

plaintiff's appeal to his disciplinary hearing. Plaintiff further states that despite this awareness, defendant Neven did not take steps to address the violations. Therefore, the court recommends that plaintiff's claim against defendant Neven be permitted to advance because plaintiff alleges knowledge and failure to correct alleged violations.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that plaintiff's motion for leave to file a third amended complaint (#88) be **GRANTED** and that his claims for retaliation against defendant Jackson and conspiracy against defendants Bean, Jackson, and Walker be **DISMISSED WITH PREJUDICE**. All other claims may advance. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for leave to file the third amended complaint (#88) be **GRANTED**. The Clerk shall **DETACH** and **FILE** the third amended complaint attached to the motion at (#88-1).

**IT IS FURTHER RECOMMENDED** that plaintiff's claim for retaliation against defendant Jackson be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that plaintiff's claim for conspiracy against defendants Bean, Jackson, and Walker be **DISMISSED WITH PREJUDICE**.

///

///

///

13

**IT IS FURTHER RECOMMENDED** that plaintiff's remaining claims be permitted to advance.

DATED: January 12, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**