UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DELBERT M. GREENE                        )
                                                                 )
    Plaintiff,                          )       3:07-cv-00474-LRH-VPC
                                                                  )
    v.                                  )       **REPORT AND RECOMMENDATION**
                                                                   )       **OF U.S. MAGISTRATE JUDGE**
                                                                   )
DWIGHT NEVEN, ET AL.                     )
                                                                   )       May 17, 2011
    Defendants.                 )
_____)

       This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' motion to dismiss (#92).[1]  Plaintiff opposed (#96) and defendants did not reply.  The court has thoroughly reviewed the record and recommends that defendants' motion to dismiss (#92) be granted.

### I. HISTORY & PROCEDURAL BACKGROUND

       Plaintiff Delbert M. Greene ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State Prison in the custody of the Nevada Department of Corrections ("NDOC") (#91).  Plaintiff brings his third amended complaint pursuant to 42 U.S.C. § 1983, alleging retaliation and conspiracy in violation of his First and Fourteenth Amendment rights during his incarceration at High Desert State Prison ("HDSP").  *Id.*  Plaintiff names as defendants: Dwight Neven, HDSP Warden; Claude Willis, HDSP Associate Warden of Programs; Isidro Baca, HDSP Associate Warden of Operations; Jeffrey Walker, HDSP Lieutenant Corrections Officer; Jeremy Bean, HDSP Sergeant Corrections Officer; Jeremy Jackson, HDSP Senior Correctional Officer.  *Id.*

       In count one, plaintiff alleges that in early 2006, NDOC Officer Ernest Jenkins made sexual advances toward him and offered plaintiff contraband in exchange for sex (#91, p. 5).  In response,

---

[1] Refers to the court's docket numbers.

1 plaintiff filed grievances and kites. *Id.* Plaintiff claims that defendants Willis and Neven did not
2 process his first level grievance in retaliation for his complaint against Officer Jenkins. *Id.* Plaintiff
3 argues that this failure to process his grievance "stopped plaintiff's grievances from being heard, and
4 was not reasonably related to advance a legitimate correctional goal, but was designed to cover up
5 a subordinates [sic] wrong doing and insulate the State from injury." *Id.* Plaintiff claims further
6 that defendant Neven "ignored and refused to acknowledge [plaintiff's kites] in an attempt to cover
7 up the sexual harassment committed by his subordinate." *Id.*

8 In count two, plaintiff first lists several allegedly retaliatory acts by defendants, including
9 defendant Bean's filing of a false notice of charges against plaintiff, defendant Bean's request that
10 plaintiff's property be deemed unauthorized by defendant Jackson, defendant Jackson's compliance
11 with defendant Bean's request, defendant Walker's disciplinary actions against plaintiff, defendant
12 Baca's failure to respond to plaintiff's kite requesting cleaning supplies for his cell, and defendant
13 Willis's failure to properly process plaintiff's grievances. *Id.* at 7-9. Plaintiff believes defendants
14 engaged in these acts in retaliation for plaintiff's complaint against Officer Jenkins. *Id.* at 9.
15 Second, plaintiff alleges that defendants Bean, Jackson, and Walker conspired to retaliate against
16 him by fabricating charges against him, deeming his property unauthorized, and finding him guilty
17 "without doing any investigation into plaintiffs [sic] version of events." *Id.* Finally, plaintiff claims
18 defendant Neven's denial of plaintiff's appeal of his disciplinary hearing resulted in Neven's
19 awareness of his subordinates' unconstitutional acts, which he did nothing to address. *Id.*

20 Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and permitted the following
21 claims to proceed: (1) retaliation against defendants Willis and Neven for failure to process his
22 grievances and kites; (2) retaliation against defendant Bean in connection with an allegedly false
23 notice of charges and improper classification of plaintiff's property; (3) retaliation against defendant
24 Walker for turning off the tape recorder during a disciplinary hearing and refusing to investigate the
25 allegedly false notice of charges; (4) retaliation against defendant Willis for his refusal to process
26 plaintiff's grievances regarding the defendant Bean's and defendant Walker's behavior; (5)
27 retaliation against defendant Baca for failure to address his request for cleaning supplies; (6) an

Eighth Amendment conditions of confinement claim against defendant Baca; and (7) supervisory liability against defendant Neven for failure to correct alleged violations (#89).

Defendants filed a motion to dismiss plaintiff's complaint for failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") and Administrative Regulation ("AR") 740 (#92). Defendants argue that plaintiff failed to fully grieve his Eighth Amendment conditions of confinement claim beyond the informal level. *Id.* at 8. Defendants also state that "[p]laintiff did grieve his disciplinary hearing but not any issues regarding retaliation." *Id.* at 9. In support of these assertions, defendants attach the applicable version of AR 740 and plaintiff's inmate issue history. Although defendants failed to provide a detailed analysis of the inmate history, the court reviewed plaintiff's file and found the following relevant grievances:[2]

    (1) 20062646366: Informal level grievance regarding cell cleanliness. NDOC denied the grievance stating: "You have not provided a remedy to your complaint. You do not indicate in your grievance that you requested any cleaning materials from the unit staff" (#92-3, p. 14).

    (2) 20062625458: Informal level grievance regarding cell cleanliness. NDOC denied the grievance stating: "According to SC/O Houck you have never requested cleaning equipment. SC/O Houck will get with you and provide you any authorized cleanign [sic] materials you might need to clean your cell" (#92-4, p. 1) (emphasis removed).

    (3) 2007262595: Informal level grievance regarding plaintiff's belief that his grievances were not being recognized. NDOC did not accept the informal level grievance because plaintiff did not list a remedy. Likewise, NDOC did not accept the first level grievance because plaintiff did not file the grievance on the correct form. *Id.* at 3.

    (4) 2007262594: Informal level grievance stating that plaintiff's property was taken. NDOC did not accept the informal level grievance because plaintiff did not list a remedy. Likewise, NDOC did not accept the first level grievance because plaintiff did not file the grievance on the correct form. *Id.* at 3.

    (5) 2007262593: Informal level grievance stating that plaintiff did not do anything to deserve two years in segregation. NDOC did not accept the informal level grievance because plaintiff did not list a remedy. Likewise, NDOC did not accept the first level grievance because plaintiff did not file the grievance on the correct form. *Id.* at 4.

    (6) 2007261425: Informal level grievance stating that plaintiff's complaint regarding

---

[2] It would have saved the court time if defendants had summarize the relevant portions of plaintiff's grievance history. Inmate issue histories are often quite lengthy and largely unrelated to the case before the court; therefore, defendants should provide such analyses in the future, both to support their cases and to increase judicial efficiency.

SC/O Bean is not being investigated. NDOC did not accept the grievance because plaintiff "offered no evidence other than your statement to substantiate your allegations against the officer." NDOC subsequently did not accept plaintiff's first level grievance because it was not filed according to AR 740. *Id.* at 5.

(7) 2007261424: Informal, first, and second level grievances regarding plaintiff's sanction of two years for verbal assault, which "he doesn't think . . . is fair." NDOC upheld the findings of the hearing officer, but reduced the time in segregation to one year and removed other sanctions. *Id.*

(8) 20062617306: Informal level grievance stating that following plaintiff's report of sexual harassment, prison staff is retaliating against him by intercepting his phone calls. NDOC denied the grievance stating that plaintiff failed to identify who retaliated against him and directing him to make sure his telephone pin number was functioning. *Id.* at 6.

(9) 20062613467: Informal level grievance complaining that SC/O Gibson took his personal property and destroyed plaintiff's legal mail box. NDOC did not accept the grievance, stating that it was not filed in accordance with AR 740. *Id.* at 7.

Plaintiff opposed defendants' claims regarding grievances 20062625458 and 20052646366, stating that he provided "factual proof to the courts that prison case-worker Kenneth Triggs crossed out second level grievance and hand wrote (informal) causing himself to par-take [sic] interest in falsifying documents on the written request of Warden Nevens" (#96, p. 3). Plaintiff believes that he "complied with AR-740 to it's [sic] fullest," and that Kenneth Triggs prevented him from filing first and second level grievances. *Id.* at 4. Finally, plaintiff requests the court to grant a motion for order to "allow the discovery process to proceed and bring this meritorious action to a final conclusion." *Id.* at 6-7.

## II. DISCUSSION & ANALYSIS

**A.  Discussion**

Failure to exhaust is an affirmative defense under the PLRA rather than a jurisdictional requirement, and defendants bear the burden of raising and proving that the plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003), *cert denied*, 540 U.S. 810 (2003). Inmates are not required to specifically plead or demonstrate exhaustion in their complaints; rather, it is the defendant's responsibility to raise the issue in a responsive pleading. *Jones*, 549 U.S. at 216.

4

1      Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt*, 315 F.3d at 1119. The court may look beyond the pleadings to decide disputed issues of fact without converting the motion into one for summary judgment; however, "if the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20*, as noted in O' Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007); *see also Rizta v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365 (9th Cir. 1988) ("[F]ailure to exhaust nonjudicial remedies should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.").

### 1.    Prison Litigation Reform Act of 1996

     The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

     Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739-40 n.5). Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

     Plaintiffs must properly exhaust nonjudicial remedies as a precondition to bringing suit. The PLRA requires "proper exhaustion," meaning that the prisoner must use "all steps the agency holds out, and doing so *properly* (so that the agency addresses the merits)." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Requiring exhaustion prior to filing suit furthers the congressional objectives of the PLRA as set forth in *Porter v. Nussle*, 534 U.S. 516, 524-25. *See id.* at 1200.

5

### 2. NDOC Procedures

"Applicable procedural rules [for proper exhaustion] are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218.

The NDOC grievance procedure is governed by AR 740 (#92-2, p. 2-21). Defendants attach to their motion the relevant version of AR 740, which was in effect at the time plaintiff filed his grievance. *Id.* In order for plaintiff to exhaust available remedies at the time of his injury, AR 740 requires the following: (1) an informal review level, which "shall be reviewed and responded to by the inmate assigned caseworker" in consultation with other appropriate staff; (2) a first level formal grievance, which "shall be reviewed and responded to by the Warden;" and (3) a second level grievance, which "shall be reviewed and responded to by either the Assistant Director of Operations, Assistant Director of Support Services, Offender Management Administrator, Medical Director, or Correctional Programs Administrator." *Id.* at 11-12.

Once received, NDOC logs informal grievances into a tracking system. *Id.* at 15. The caseworker assigned to the grievance will provide the inmate with a response within twenty-five days, unless more time is required to conduct further investigation. *Id.* at 16. If the inmate is not satisfied by NDOC's response to his informal grievance, he may appeal the decision within five days by filing a first level grievance. *Id.* at 16-17. NDOC will provide a response within twenty days of receipt of the first level grievance. *Id.* at 17. If the first level grievance does not comply with procedural guidelines, the grievance is returned to the inmate with instructions for proper filing. *Id.* Finally, if the inmate is not satisfied with the first level grievance outcome, he may file a second level grievance, to which the NDOC will respond within twenty days. *Id.* at 18. Upon completion of the grievance process, inmates may pursue civil rights litigation in federal court.

### B. Analysis

According to AR 740, in order to properly exhaust administrative remedies, inmates must proceed through informal, first, and second level grievance filings. Based on the court's detailed review of plaintiff's grievance filings, he plainly did not advance beyond the informal level in all but one of his relevant grievances. While plaintiff believes that Kenneth Triggs prevented him from

exhausting his remedies with respect to his Eighth Amendment conditions of confinement claim, it is clear that plaintiff's own inability to file procedurally adequate grievances that are submitted on the correct grievance form; to list specific individuals responsible for the conduct about which he complains; to detail the steps taken to address the issue, such as filing a kite to request cleaning supplies; and to provide a remedy is the cause of plaintiff's failure to exhaust his Eighth Amendment claims.

Plaintiff successfully grieved his disciplinary hearing, stating that he believed it to be unfair that he received two years of segregation for a verbal assault.  However, this grievance does not mention plaintiff's belief that defendant Walker turned off the tape recorder during the disciplinary hearing and refused to investigate the allegedly false notice of charges in retaliation for plaintiff's complaint against Officer Jenkins.  In fact, plaintiff did not exhaust the issue of retaliation for his complaint against Officer Jenkins in connection with any of defendants' conduct.

Therefore, the court recommends that defendants' motion to dismiss be granted because plaintiff failed to exhaust his administrative remedies with respect to his Eighth Amendment conditions of confinement claim and his claims that defendants retaliated against him. Accordingly, plaintiff's complaint should be dismissed without prejudice.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants met their burden of proving that plaintiff failed to exhaust administrative remedies for his Eighth Amendment and retaliation claims against defendants.  These are plaintiff's only remaining claims after screening; therefore, the court recommends that defendants' motion to dismiss (#92) be **GRANTED** and plaintiff's third amended complaint (#91) be **DISMISSED WITHOUT PREJUDICE**.  The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the

1  District Court.

2      2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#92) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's third amended complaint (#91) be **DISMISSED WITHOUT PREJUDICE**.

**DATED:** May 17, 2011.

*/s/ Valerie P. Cooke*

_____

**UNITED STATES MAGISTRATE JUDGE**